**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **MIEISHA ALSTON, *et al.*,** | * | |
| **Plaintiffs,** | * | |
| **v.** | * | **Civil No. 1:24-cv-03623-CDA** |
| **WALMART, INC.,** | * | |
| **Defendant.** | * | |

* * *

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Defendant Walmart, Inc.'s Motion for Summary Judgment. ECF 23. Plaintiffs Miesha Alston and Michael Simms (collectively, "Plaintiffs") bring this premises liability suit against Defendant Walmart, Inc. ("Defendant"). The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2026). For the reasons stated below, the Court GRANTS the Motion for Summary Judgment.

## I. FACTUAL BACKGROUND

This case arises from alleged negligence for failure to properly install, maintain, inspect, and/or warn Plaintiffs of a glass display case's allegedly dangerous condition. *See* Complaint, ECF 2. On December 9, 2021, Plaintiffs shopped for household items, including socks, at Defendant's Glen Burnie, Maryland location. Pls.' Ex. 1 (Deposition of Mieisha Alston), ECF 25, at 2. This store, which Plaintiffs had shopped at before, was busy on the day of the incident. *Id.* Plaintiffs entered the menswear aisle, where some products were displayed in glass cases and some were displayed openly on suspended racks. *See* Pls.' Ex. 4, ECF 25-3. Plaintiffs testified they did not have trouble seeing in

the aisle, as it was well lit. Pls.' Ex. 1 at 6; Pls.' Ex. 2 (Deposition of Michael Simms), ECF 25-1, at 8. The area did not have any warning signs present at the time of the incident. Pls.' Ex. 1 at 3; Pls.' Ex. 2 at 4. Plaintiffs testified that they did not see Defendant's associates in the area nor other customers in the aisle before the incident. Pls.' Ex. 1 at 2, 3; Pls.' Ex. 2 at 8.

The glass case central to Plaintiffs' incident was locked and did not contain any markings or indications explaining as much, nor did it contain any directions to seek assistance from Defendant's employees. Pls.' Ex. 1 at 3; Pls.' Ex. 2 at 4. When Ms. Alston attempted to open the case's door, a metal piece of the display allegedly dislodged and shattered the glass, injuring both Plaintiffs. Pls.' Ex. 1 at 3; Pls.' Ex. 2 at 4, 5. Nothing in the record reflects any warning or indication that the glass was not secure. *See* Pls.' Ex. 1 at 3; Pls.' Ex. 2 at 4. After the glass shattered, Plaintiffs called for help. Pls.' Ex. 1 at 5. One of Defendant's associates took Ms. Alston's customer incident report and Mr. Simms's witness report. Def.'s Ex. 5 (Dec. 9, 2021 Customer Incident Report), ECF 23-6; Pls.' Ex. 2 at 7. Plaintiffs testified that one of the employees told them that the aisle was supposed to be closed. Pls.' Ex. 1 at 5; Pls.' Ex. 2 at 3.

After discovery closed, Defendant filed its Motion for Summary Judgment ("Motion"), attached to which are a memorandum in support and numerous exhibits. ECF 23. Plaintiffs filed their Response in Opposition to Defendant's Motion ("Opposition") and exhibits in support of their positions. ECFs 24, 25. Defendant filed a reply. ECF 26. The matter is ripe for disposition.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) provides that a court shall grant summary judgment where "the movant shows that there is no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law." "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Accordingly, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]" *Anderson*, 477 U.S. at 247–48 (emphasis in original). Put another way, summary judgment is appropriate where the evidence "is so one-sided that one party must prevail as a matter of law." *Id.* at 252.

When considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *Id.* at 249. In undertaking this inquiry, the court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Judd*, 718 F.3d at 312; *see also Scott v. Harris*, 550 U.S. 372, 378 (2007). When a party has submitted sufficient evidence to support its request for summary judgment, the burden shifts to the nonmoving party to show that there are genuine issues of material facts. *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008). However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

In considering a summary judgment motion, the court does not make credibility determinations. *Wilson v. Prince George's Cnty.*, 893 F.3d 213, 218-19 (4th Cir. 2018). The role of the court is not "to weigh the evidence and determine the truth of the matter,"

it is "to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. Therefore, in the face of conflicting evidence, such as competing affidavits or other testimony, summary judgment ordinarily is not appropriate; the factfinder must resolve factual disputes, including matters of witness credibility. *See Black & Decker Corp. v. United States*, 436 F.3d 431, 442 (4th Cir. 2006); *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002).

## III. ANALYSIS

Premises liability in Maryland is "based on common law principles of negligence and derives from an establishment's lack of supervision, care, or control of the premises." *Troxel v. Iguana Cantina, LLC*, 201 Md. App. 476, 493, 29 A.3d 1038, 1048 (Md. Ct. Spec. App. 2011). Thus, a plaintiff must establish the four elements required in any negligence action: "(1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual injury or loss, and (4) that the loss or injury proximately resulted from the defendant's breach of the duty." *Washington Metro. Area Transit Auth. v. Seymour*, 387 Md. 217, 223, 874 A.2d 973, 976-77 (Md. 2005) (internal quotation marks and citation omitted). In the alternative to the traditional negligence elements, Plaintiffs also pursue liability through the doctrine of *res ipsa loquitur*. *See* Pls.' Opp'n, ECF 24, at 5-8; *Dover Elevator Co. v. Swann*, 334 Md. 231, 236, 638 A.2d 762, 765 (Md. 1994) (quotation omitted) (explaining

that the doctrine "allows a plaintiff the opportunity to establish a *prima facie* case when [they] could not otherwise satisfy the traditional requirements for proof of negligence").[1]

For the following reasons, the Court grants Defendant's Motion for Summary Judgment.

**A. There is insufficient evidence permitting a reasonable jury to find Defendant breached its duty to Plaintiffs.**

Defendant maintains it did not breach its duty because it lacked notice of an allegedly dangerous condition. Def.'s Mem. in Supp. of MSJ ("Def.'s MSJ Br."), ECF 23-1, at 12-18. It argues that glass cases are a commonly used piece of equipment used in retail stores and there is no evidence that the subject glass case was in a dangerous or defective condition. *Id.* It further argues Plaintiffs did not show "time on the floor" evidence—how long the alleged dangerous condition existed or that Defendant had sufficient time to remedy the situation. *Id.* at 14.; *see also Rybas v. Riverview Hotel Corp.*, 21 F. Supp. 3d 548, 568 (D. Md. 2014) (collecting authority regarding relationship between "time on the floor" evidence and constructive notice). Plaintiffs aver Defendant created and had notice of the dangerous condition through its overt act of installing the glass case. Pls.' Opp'n, ECF 24, at 3.

Under Maryland law, a business owner owes the highest duty of care to the business invitees on their property. *See Ianniello v. San Rocco, Inc.*, No. SAG-17-1820, 2019 WL 1455473, at *2 (D. Md. Apr. 1, 2019) (citing *Deboy v. City of Crisfield*, 167 Md. App. 548, 555 (Md. Ct. Spec. App. 2006)); *Tennant v. Shoppers Food Warehouse Md. Corp.*, 115 Md. App. 381, 388, 693 A.2d 370, 374 (Md. Ct. Spec. App. 1997). Generally,

---

[1] "*Res ipsa loquitur* is applied in negligence actions as a permissible inference that literally means 'the thing speaks for itself.'" *Dover Elevator*, 334 Md. at 236, 638 A.2d at 765 (quoting *Benedick v. Potts*, 88 Md. 52, 55, 40 A. 1067, 1088 (Md. 1898)).

such duties require an owner to "use reasonable and ordinary care to keep the premises safe for the invitee and to protect the invitee from injury caused by an unreasonable risk which the invitee, by exercising ordinary care for the invitee's own safety[,] will not discover." *Macias v. Summit Mgmt., Inc.*, 243 Md. App. 294, 317, 220 A.3d 363, 376 (Md. Ct. Spec. App. 2019) (internal quotation marks and citation omitted). These duties include "the obligation to warn invitees of known hidden dangers, a duty to inspect, and a duty to take reasonable precautions against foreseeable dangers." *Tennant*, 115 Md. App. at 388, 693 A.2d at 374. However, a business owner is not an insurer of a customer's safety. *See id.*; *Rybas*, 21 F. Supp. 3d at 561; *Sinnott v. Wal-Mart, Inc.*, No. AMD-99-2494, 2000 WL 33281683, at *2 (D. Md. July 14, 2000). Therefore, if the customer is injured while on the property, they must show that the storekeeper had actual or constructive knowledge of the *dangerous condition* that caused their injuries, that the storekeeper should have anticipated the customer would not discover the *dangerous condition*, and the storekeeper failed to take reasonable precautions. *Sinnott*, 2000 WL 33281683, at *2. Therefore, in adopting negligence principles to a business invitee's premises liability claim, Maryland courts explain that a business owner "will have a duty to protect [its] patrons, and thus be liable for negligence, if (1) the [owner] controlled [a] dangerous or defective condition; (2) the [owner] had knowledge or should have had knowledge of the injury causing condition; and (3) the harm suffered was a foreseeable result of that condition." *Troxel*, 201 Md. App. At 493, 29 A.2d at 1048 (internal quotation marks and citation omitted) (first alteration added); *see also Rehn v. Westfield America*, 153 Md. App. 586, 593, 837 A.2d 981, 984 (Md. Ct. Spec. App. 2003).

There is no dispute Defendant, as a business, owed a duty to Plaintiffs, the business invitees. Thus, the Court focuses on whether a genuine dispute of material fact exists regarding the alleged breach of duty—that is, whether Defendant had knowledge of a dangerous condition and sufficient time to either remove the condition or warn Plaintiffs about it.

1. Plaintiffs do not present evidence that could lead a reasonable jury to find a dangerous condition existed.

Defendant argues Plaintiffs failed to show evidence of a dangerous or defective condition in the locked glass case and how this alleged condition caused their injuries. Def.'s MSJ Br. at 7-10. Plaintiffs counter that Defendant's installation of a glass case without locks, indications of locks, or signs advising customers to request assistance from Defendant's employees constitutes a dangerous condition, claiming "[t]here are multiple disputes of material facts" in this case: (1) whether Plaintiffs knew or should have known that the glass case was locked, and (2) whether Defendant's installation of an unmarked locked glass case, as an overt act, put Defendant on notice of "the allegedly dangerous situation." Pls.' Opp'n at 4-9.

Without evidence of a dangerous condition, a reasonable jury cannot find a defendant's breach of duty to its business invitees. *See Redmond v. Walmart Stores, Inc.*, 743 F. Supp.3d 681, 687 (D. Md 2024). In *Redmond*, Judge Sullivan acknowledged that retail stores often use shelves to display merchandise, and such shelves do not constitute dangerous conditions without evidence that they are defective or broken. *Id.* This observation applies with equal force here. Like the shelves at issue in *Redmond*, the type of glass case at issue here is often used to display merchandise for sale. *See* Pls.' Ex. 4. It is common, in stores where merchandise is placed in glass cases and other

merchandise is openly displayed, for the glass cases to be locked. Plaintiffs offer no authority to support the conclusion that a locked glass case without signs is inherently dangerous, absent other facts to indicate its danger or defect. Tellingly, Plaintiffs admit they *did not* think the glass case was broken or defective. Def.'s Ex. 3 (Mieisha Alston's Responses to Requests for Admissions), ECF 23-4, at 2; Def.'s Ex. 4 (Michael Simms' Responses to Requests for Admissions), ECF 23-5, at 2. They also do not offer other witness accounts on whether the case appeared broken or defective, and their proposed experts would testify to Plaintiffs' injuries rather the maintenance or safety level of the subject glass case. Pls.' Ex. 5 (Mieisha Alston's Answers to Interrogatories), ECF 25-4, at 4-11 (summarizing anticipated testimony of treating and non-treating physicians).

The Court is unconvinced by Plaintiffs' arguments for why, despite the evidence cited above, a genuine dispute of material fact for a jury exists. Plaintiffs insist it is foreseeable for customers to physically attempt to access merchandise. Pls.' Opp'n at 4. Yet they do not explain clearly why a locked glass case, in and of itself, constitutes a dangerous or defective situation. To agree with Plaintiffs would lead to the conclusion that a glass case, a common item in stores of many kinds, is inherently dangerous even without some indicia (such as cracked glass or improper installation) of danger. Because Plaintiffs do not present facts to show the glass case's inherently dangerous, broken, or defective condition, the Court finds no genuine dispute of material fact in this case. Plaintiffs' arguments also suggest that the Court should find a triable issue on whether Plaintiffs knew the glass case was locked. But for the same reasons, this question does not affect whether the glass case constituted a dangerous condition.

2. Plaintiffs fail to present a triable issue on notice.

Maryland law establishes a defendant's actual notice of a dangerous condition on the premises when the defendant creates such a condition and there is "evidence from which the jury could have found that [the business owner] should have reasonably anticipated" the dangerous condition. *Rybas*, 21 F. Supp. 3d at 570 (quoting *Gast, Inc. v. Kitchner*, 247 Md. 677, 685, 234 A.2d 127, 129 (Md. 1967)). For constructive notice, there must be sufficient evidence for a reasonable juror to conclude the dangerous condition behind a plaintiff's injuries "was present long enough for [the defendant], using reasonable care, to have discovered it." *Id.* at 568 (alteration in original) (internal quotations omitted). "Statements where employees apologize without indicating they were aware of the dangerous condition before a plaintiff [is injured] are insufficient to support a showing of actual notice." *Estep v. Walmart Stores, Inc.*, No. TJS-23-0371, 2024 WL 37992, at *3 (D. Md. Jan. 3, 2024) (finding defendant employees' statements to plaintiff as a vague apology and insufficient to show store was aware of dangerous condition).

Viewing the evidence in the light most favorable to the Plaintiffs, the Court finds insufficient evidence to present a triable issue on Defendant's notice. Plaintiffs do not present sufficient evidence for a jury to determine how long the allegedly dangerous condition may have existed or that Defendant had sufficient time to remedy the situation. In their Responses to Requests for Admissions, Plaintiffs admit they did not see any of Defendant's associates create the alleged hazardous condition. Def.'s Ex. 3 at 3; Def.'s Ex. 4 at 4. They also admit they did not know how long the condition existed prior to the incident. Def.'s Ex. 3 at 4; Def.'s Ex. 4 at 4. Furthermore, Ms. Alston testified there was no one else in the aisle other than the two Plaintiffs. Pls.' Ex. 1 at 3.

This evidence does not suffice a reasonable juror to conclude Defendant had notice through "time on the floor" evidence. *Rybas*, 21 F.Supp.3d at 568.

Also, as discussed above, Plaintiffs do not present evidence for a reasonable jury to infer that the interiors of a locked glass case constitute a dangerous situation. Plaintiffs do not offer expert or additional witness testimony to support the existence of a dangerous condition (their experts focus only on causation and damages), and the photo exhibits depicting the store aisle do not aid Plaintiffs' position. As explained above, there is no evidence or authority suggesting that either the mere use of a glass case or locking of its doors constituted a dangerous condition under premises liability principles. *Cf. Redmond*, 743 F. Supp.3d at 687.

Defendant argues that Plaintiffs cannot rely on alleged, post-incident employee statements to prove notice. Defs.' MSJ Br. at 11-12. The evidence in question is that Ms. Simms testified that, after the incident, someone who looked like an employee reported to the scene and told Plaintiffs that she (the employee) informed the store "before" that "they" should not have the subject aisle open and "they were wrong" for doing so. *Id.* Plaintiffs do not respond to this argument in their Opposition, so it does not seem that Plaintiffs rely on this to create a triable issue. Even assuming that Plaintiffs would introduce these statements as evidence of notice of a dangerous situation, the alleged statement is too vague to bridge the gap here. The alleged statement neither referred to the locked glass case nor specified who or what she meant when saying "they" or "before." *See* Pls.' Ex. 2 at 7. Like in *Estep*, the statements may not establish knowledge of the glass case being a defective or dangerous condition before Plaintiffs' incident. 2024 WL 37992 at *3.

Plaintiffs do not identify sufficient evidence that would allow a reasonable juror to find Defendant's actual or constructive notice of a dangerous condition. Thus, the Court finds no genuine dispute of material fact on the issue of Defendant's breach.[2]

**B. There insufficient evidence that would permit a reasonable jury to apply the *res ipsa loquitur* doctrine on this record.**

As an alternative to the traditional negligence elements, a plaintiff may invoke the *res ipsa loquitur* doctrine by establishing that the incident was "(1) of a kind that does not ordinarily occur absent negligence, (2) that was caused by an instrumentality exclusively in the defendant's control, and (3) that was not caused by an act or omission of the plaintiff." *District of Columbia v. Singleton*, 425 Md. 398, 408, 41 A.3d 717, 722 (Md. 2012) (quotations omitted). A plaintiff must establish each of these elements of the doctrine by a preponderance of the evidence. *See Casey v. Geek Squad Subsidiary Best Buy Stores, L.P.*, 823 F. Supp. 2d 334, 340 (D. Md. 2011). When the three elements are satisfied, the doctrine *permits, but does not compel*, the jury "to infer a defendant's negligence without the aid of any direct evidence." *Dover Elevator*, 334 Md. at 236, 638 A.2d at 765 (citations omitted).

Plaintiffs argue the first two elements are satisfied because the shattering of a glass door, which they allege was in Defendant's exclusive control, cannot happen outside of negligent installation. Pls.' Opp'n at 6-7 (citing *Norris v. Ross Stores, Inc.*,

---

[2] The Court notes that Defendant raised assumption of risk and contributory negligence as affirmative defenses in the event it is found negligent. Defs.' MSJ Br. at 18-21. In Maryland, a plaintiff is barred from recovery in a negligence case when they are found to assume the risk of danger or be contributorily negligent. *See, e.g.*, *Thomas v. Panco Mgmt. of Md., LLC*, 423 Md. 387, 419, 31 A.3d 583, 603 (Md. 2011). These defenses contain notable overlap, as "the same conduct of a plaintiff can amount to both assumption of the risk and contributory negligence." *Thomas*, 423 Md. at 418, 31 A.3d at 602 (internal quotation marks and citation omitted). Having found dismissal appropriate for other reasons, the Court need not address these issues.

159 Md. App. 323, 859 A.2d 266 (Md. Ct. Spec. App. 2004)). They also argue for the third element to be left to the jury because Ms. Alston was engaged with the display case "in perfectly expectable use in perfectly acceptable way[.]" *Id.* at 7 n.2. Defendant disputes all three elements, with specific resistance to the second and third elements because the glass case was susceptible to third party interference and Ms. Alston's voluntary action caused the glass to shatter. Def.'s Reply, ECF 26, at 7-8.

In *Norris*, the plaintiff suffered injuries from walking past a metal shelving unit displaying glass products when the unit collapsed, the glass products shattered on the floor, and the plaintiff slipped and fell on oil and glass. 159 Md. App. at 328, 859 A.2d at 269. A contractor hired by the defendant installed the shelving unit. *Id.* The Maryland Appellate Court (then named the Maryland Court of Special Appeals) found *res ipsa loquitur* applicable and reversed the trial court's grant of summary judgment. 159 Md. App. at 332-336, 859 A.2d at 272-274. The court explained there may be sufficient evidence for a reasonable jury to deem that the unit, which the plaintiff did not touch or manipulate, was in the defendant store's exclusive control at the time of the alleged negligent act. *Id.* The court clarifies the alleged negligent act "could have been the installation of the shelving unit, but the jury could also reasonably infer that the negligence was the failure to reasonably maintain the shelving units." 159 Md. App. at 334, 859 A.2d at 273. Either way, it appears, there being no engagement from the plaintiff in that case, the case of the sudden collapse (and eventual slip and fall) was within the exclusive control of the defendant (either directly through its employees or indirectly through the contractor working at its direction).

Here, there is not sufficient evidence for a reasonable jury to find all three elements by a preponderance of the evidence. The greatest problem with Plaintiffs'

position is the third element. Even assuming Plaintiffs have evidence to establish the first two elements, they have not identified sufficient evidence for a jury to find that the incident here "was not caused by an act or omission of the plaintiff." See *Gillespie v. Ruby Tuesday, Inc.*, 861 F. Supp. 2d 637, 642 (D. Md. 2012) (finding act or omission element satisfied partly because plaintiff did not touch or do anything that caused a lampshade to fall and hit her). Unlike in *Gillespie*, Plaintiffs testified and admitted that a metal piece fell and shattered the glass door after Plaintiff Alston attempted to open the locked glass door. Def.'s Ex. 3 at 3; Pls. Ex. 1 at 3; Pls.' Ex. 2 at 4.

Thus, while *Norris* aids in illustrating how the doctrine of *res ipsa loquitur* applies to a premises liability scenario, Plaintiffs' argument fails in translating *Norris*' analysis to these facts. As discussed above, Plaintiffs lack evidence demonstrating that the locked glass case was in a dangerous or defective condition, either inherently or through installation. More significantly, though, Plaintiffs testified that the metal piece fell and shattered the glass case *after Plaintiff Alston attempted to open the door*. Defs.' Ex. 3 at 3; Pls.' Ex. 1 at 3; Pls. Ex. 2 at 4. In contrast, the *Norris* court found an absence of "any evidence that [the plaintiff] or others contributed in any way to cause the incident." 159 Md. App. at 335, 859 A.2d at 273. Therefore, while *Norris* is persuasive in explaining the application of the doctrine to the premises liability context, it persuades the Court that Plaintiffs' facts are insufficient to proceed to a jury on a *res ipsa loquitur* theory.

## IV. CONCLUSION

For the foregoing reasons, after taking the evidence in the light most favorable to Plaintiffs, the Court finds no genuine dispute of material fact on whether Defendant breached its duty, through either the traditional negligence principles applied in a

premises liability context or the doctrine of *res ipsa loquitur*. Therefore, Defendant's Motion for Summary Judgment is GRANTED. A separate Order consistent with this opinion will issue.

Date: September 28, 2026

/s/
Charles D. Austin
United States Magistrate Judge